UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
CENTRAL AUTO, INC.,

            Plaintiff,

  -against-                    **MEMORANDUM AND ORDER**
                                    Case No. 17-CV-06853 (FB) (JO)
ALLIANCE ENERGY, LLC,

            Defendant.
-------------------------------------------------x

Appearances:
*For the Plaintiff:*                          *For the Defendant:*
John J. Morgan                           Seth D. Friedland
Barr & Morgan                             Freedland Law, LLC
84 West Park Place, Third Floor       62 William Street, Third Floor
Stamford, CT 06901                   New York, NY 10005

**BLOCK, Senior District Judge:**

      Plaintiff Central Auto, Inc. ("Central") is a franchisee and tenant of Defendant Alliance Energy, LLC ("Alliance"). Central seeks an award of attorneys' fees and costs pursuant to 15 U.S.C § 2805(d)(1)(C), the fee-shifting provision of the Petroleum Marketing Practices Act ("PMPA"). This provision allows franchisees who "prevail in any action" against franchisors under the PMPA to recover "reasonable attorney and expert witness fees." Because Central is not a "prevailing party" within the meaning of the provision, its motion is denied.

1

## I. Procedural History

Central operates a gas station in Queens pursuant to a franchising agreement with Alliance. Central also leases the physical premises from Alliance. The franchising agreement and real estate lease were originally due to expire on December 31, 2017. In the months preceding this deadline, Alliance received several offers from local real estate developers for the premises and decided to accept an offer from a developer at $17.5 million. Alliance extended the offer to Central to exercise its right of first refusal pursuant to the PMPA.

Upon notification that Alliance would not be renewing the franchising agreement or lease, Central sued and moved for a preliminary injunction, arguing that the quoted price did not reflect the fair market value of the premises. The Court did not rule on the motion but scheduled an evidentiary hearing to determine the fair market value.

Following some discovery, and prior to the hearing, the parties reached an understanding. Rather than selling the premises, Alliance chose to renew the lease and franchising agreement, thus voluntarily withdrawing its notice of nonrenewal. In response, Central moved to voluntarily dismiss its complaint without prejudice.

## II. Fee Award

15 U.S.C § 2805(d)(1)(C) allows a franchisee who is a "prevailing party" in a PMPA action to recover attorneys' fees and costs. The term "prevailing party" is

not defined in the PMPA, and the Second Circuit has not ruled on its meaning. Nonetheless, following the Supreme Court's decision in *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598 (2001), courts have held that a "prevailing party" in a fee-shifting context must have "received[d] at least some relief on the merits of its claim," *id.* at 603 (quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)).

*Buckhannon* overruled the so-called "catalyst theory," which had previously been embraced by most circuit courts, including the Second. This theory "posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Id.* at 601.

Central argues that it is a "prevailing party" because the withdrawal of the nonrenewal afforded it "virtually all of the relief" it requested. Though it wisely does not invoke its name, Central's claim for fees is a quintessential invocation of the catalyst theory. After *Buckhannon*, that is not enough for "prevailing party" status. "A defendant's voluntary change in conduct, *although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit*, lacks the necessary judicial *imprimatur* on the change." *Id.* at 605 (first emphasis added). Here, there is no doubt the lawsuit was a factor—perhaps the overwhelming factor—in Alliance's decision to withdraw its notice of nonrenewal. But that decision was not the product of any order from this Court, and thus has no "judicial imprimatur."

Although *Buckhannon* was addressing fee-shifting provisions within civil rights statutes, its reasoning firmly applies in the PMPA context, and other courts have used it to reach analogous results. *See, e.g.*, *Yousuf v. Motiva Enters.*, 246 F. App'x 891 (5th Cir. 2007). Most often, the dispute centers on whether an injunction designed to preserve the status quo is sufficient to confer "prevailing party" status when the franchisor ultimately withdraws its termination or nonrenewal notice. The general consensus is that such injunctions are insufficient. *See, e.g.*, *id.* at 895 (explaining that the preliminary injunction did not "reflect any merits consideration"); *Kothari v. Motiva Enters, L.L.C.*, No. H-05-0499, 2006 WL 2129097, at *4–5 (S.D. Tex. July 27, 2016) (noting that the judicial decree was merely a "temporary measure to preserve the status quo pending trial on the merits").

Here, Central did not even obtain a preliminary injunction. The Court's only order was to schedule an evidentiary hearing to establish the fair market value of the premises. The Court never opined on the merits of Central's claim. Any finding that Central is a "prevailing party" within the meaning of the fee-shifting provision could be based only on the catalyst theory, which was rejected by *Buckhannon*. Since it is not a "prevailing party," Central is not entitled to any fees or costs.

### III. Conclusion

For the foregoing reasons, the motion is denied.

**SO ORDERED**.

                                                  /S/ Frederic  Block
                                                  FREDERIC BLOCK
                                                  Senior United States District Judge

Brooklyn, New York
October 17, 2018